(No. 3974— )

FLORENCE HOWARD, WIDOW OF CARL B. HOWARD, DECEASED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 24, 1947.*

A. WADSWORTH APPLEBY, for claimant.

GEORGE F. BARRETT, Attorney General, and C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

ECKERT, C. J.

On May 26, 1946, Carl B. Howard, an employee of the respondent in the Department of Public Welfare, while passing through the kitchen of the Illinois School for the Deaf at Jacksonville, Illinois, to inspect and service refrigeration equipment, slipped and fell upon the floor. The fall resulted in a fracture of his left femur.

Mr. Howard was immediately hospitalized at Passavant Memorial Hospital, Jacksonville, under the care of Dr. F. A. Norris, Dr. Reginald Norris, and Dr. George L. Drennan. Mr. Howard died on June 10, 1946, as a result of a pulmonary embolus.

At the time of the accident, which resulted in the death of Carl B. Howard, the employer and employee were operating under the provisions of the Workmen's Compensation Act of this state, and notice of the accident and claim for compensation were made within the time provided by the act. The accident arose out of and in the course of decedent's employment.

Dr. F. A. Norris, a witness testifying for claimant, stated that immediately following the accident X-rays were taken which showed an entra-capsular fracture of the left hip. The hip was then pinned, and three days later four additional pins were inserted. One of these subsequently slipped out of place and Dr. Norris felt it should be removed to prevent its interfering with the desired result. Two days later the offending pin was taken out and replaced; on June 10th the decedent had "a typical pulmonary embolus," which was massive and fatal. Dr. Nor-

ris testified that the injury was the direct cause of the death, an embolus being one of the great hazards of surgery.

Mr. Howard's earnings during the year immediately preceding his death were $2,670.00; claimant therefore is entitled to an award in the sum of $4,000.00. Since the death occurred subsequent to July 1, 1945 this must be increased 20%, making a total of $4,800.00. The compensation rate is the maximum of $15.00 per week, increased 20%, or $18.00.

An award is therefore entered in favor of the claimant, Florence Howard, in the amount of $4,800.00 to be paid to her as follows:

$ 828.00, accrued, is payable forthwith;
$3,972.00, payable in weekly installments of $18.00 per week, beginning on the 29th day of April, 1947, for a period of 220 weeks, with an additional final payment of $12.00.

All future payments being subject to the terms and conditions of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."